UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JIMMIE R. COX and SANDRA S. COX,

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

NO. CIV. 06-00423 WBS EFB

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiffs Jimmie[1] R. Cox and Sandra S. Cox filed this action pursuant to 26 U.S.C. § 7422 for a tax refund of over one million dollars against defendant United States of America ("United States").  Plaintiffs also seek damages for lost profits and dividends resulting from the United States' levy of plaintiffs' shares of stock.  The United States now moves to dismiss plaintiffs' claim for damages.

---

    [1]    Jimmie Cox's first name was misspelled in the Complaint and subsequent documents.  The court will use the correct spelling, which is "Jimmie," not "Jimmy."  (Cox Decl. ¶ 2.)

1

I.   <u>Factual and Procedural Background</u>

For the tax years of 1992 through 1997 ("tax years at issue"), plaintiffs filed Individual Income Tax Returns (Forms 1040) and Trust Income Tax Returns (Forms 1041) with the Internal Revenue Service (IRS) Center in Ogden, Utah. (First Am. Compl. (FAC) Exs. 2-13; Censire Decl. ¶ 5.) For each tax year at issue, plaintiffs requested a refund based on their self-reported overpayment. (FAC Exs. 2-13.) During the tax years at issue, plaintiffs also transferred substantially all of their assets into trusts.[2] (Pls.' Resp. to U.S.' Stmt. of Undisputed Facts ## 1, 3-5.)

Subsequently, the IRS audited plaintiffs' returns for the tax years at issue. Despite the IRS' request, plaintiffs did not provide documentation to substantiate their deductions and self-reported liabilities. (<u>Id.</u> at # 14; Censire Decl. ¶ 3.) The IRS examiner concluded that plaintiffs' trusts were "sham[s]" "established for tax avoidance purposes" and, on July 12, 2001, determined that plaintiffs owed $459,527.00, not including penalties or interest, for the tax years at issue. (FAC ¶ 16, Exs. 2-13.)

Plaintiffs did not challenge the examiner's calculations or the resulting assessments in tax court. The IRS collected plaintiffs' tax liabilities for the tax years at issue,

---

[2] Plaintiffs purchased the scheme for their trusts from George and Dorothy Henderson, who have been convicted of selling fraudulent trust schemes and defrauding the United States. (U.S.' Mem. in Supp. of Mot. for Summ. J. ¶¶ 1, 10.) Among the penalties assessed against plaintiffs are fraud penalties for plaintiffs' alleged use of trusts to evade tax liability. (U.S.' Reply in Supp. of Mot. to Dismiss 3:13-16.)

2

including penalties and interest, when it levied shares of plaintiffs' stock on March 5, 2002.  (U.S.' Mem. in Supp. of Mot. for Summ. J. ¶ 27; FAC ¶ 17.)  On March 1, 2004, plaintiffs unsuccessfully filed administrative claims for a refund (Forms 843) for the tax years at issue.[3]  (FAC ¶¶ 4, 20-22, Exs. 2-13; Answer to FAC ¶¶ 20, 22.)

On February 28, 2006, plaintiffs initiated this action, seeking a refund of $1,040,099.00 for taxes, penalties, and interest that plaintiffs paid for the tax years at issue. Plaintiffs also seek damages for the profits and dividends they allegedly lost as a result of the IRS' levy of their shares of stock.

After initiating this lawsuit, plaintiffs produced documentation for the tax years at issue, including bank account registers, cancelled checks, statements, receipts, invoices, and bills.  (Censire Decl. ¶ 4.)  Based on the newly-received documentation, IRS examiner Denise Censire reexamined plaintiffs' liabilities for the tax years at issue.  (Id. at ¶ 3.)  In conducting the reexamination, Censire analyzed the documentation plaintiffs provided, plaintiffs' original tax returns and schedules, and the adjustments the previous IRS examiner made during the 2001 audit.  (Id. at ¶¶ 5-6.)

---

[3]  For the tax year of 1998, plaintiffs petitioned the United States Tax Court after the IRS issued a statutory notice of deficiency for that tax year.  (FAC ¶ 18.)  After a settlement favorable to plaintiffs, the Tax Court entered a decision on August 8, 2003.  (Id. at ¶¶ 18-19.)  The parties dispute whether the Tax Court's decision has a preclusive effect in this lawsuit. (Id. at ¶¶ 27-28; Answer to FAC 4.)

Based on her reexamination[4] and the resulting Revenue Agent's Report, Censire proposed a total abatement of tax and penalties in the amount of $357,089.00.[5]  (Id. at ¶ 12.) Plaintiffs still dispute approximately $683,010.00 in taxes, penalties, and interest.  (Cox Decl. ¶¶ 7-10.)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States now moves to dismiss plaintiffs' damages claim for lost profits and dividends resulting from the IRS' levy of plaintiffs' shares of stock.  Plaintiffs do not oppose the United States' motion to dismiss their claim for damages.

The United States also requests the court to order the parties to meet on or before April 4, 2008 for at least six hours to discuss settlement and to subsequently attend a settlement

---

[4] When recalculating the allowable deductions for plaintiffs' Schedules A and E, Censire concluded that most of the checks for alleged expenses omitted notations that sufficiently described the relationships and purposes of the expense items.  (Id. at ¶¶ 10, 11.)  Unless a receipt, invoice, or bill corroborated the expenses, Censire did not allow the deductions.  (Id. at ¶ 10.)  Censire also recalculated plaintiffs' Schedules D based on plaintiffs' sale of "a condominium(s)" and "stocks and/or bonds."  (Id. at ¶ 9.)
In her reexamination, Censire also classified plaintiffs' horse racing business as a "not for profit" activity, thus disallowing deductions that exceeded the income from the activity pursuant to 26 U.S.C. § 183(a)-(b).  (Id. at ¶ 8.) Plaintiffs contend their horse racing business qualifies as a "for profit" activity as defined in 26 U.S.C. § 183(c) and Code of Federal Regulation section 1.183-2.  (Cox Decl. ¶¶ 11-26); 26 U.S.C. § 183(c); 26 C.F.R. § 1.183-2.

[5] The United States recognizes that the proposed abatement is "in effect a concession of an over-assessment and collection of tax from plaintiffs."  (U.S.' Reply in Supp. of Mot. to Dismiss 2:2-4.)

1 conference with the assigned magistrate judge.[6]

2 II.  <u>Discussion</u>

3       "Federal courts are courts of limited jurisdiction" and
4 possess only the power to adjudicate cases that the Constitution
5 and federal statutes permit.  <u>Kokkonen v. Guardian Life Ins. Co.</u>
6 <u>of Am.</u>, 511 U.S. 375, 377 (1994).  "A federal court is presumed
7 to lack jurisdiction in a particular case unless the contrary
8 affirmatively appears."  <u>Stock W., Inc. v. Confederated Tribes of</u>
9 <u>the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989)
10 (citation omitted).

11       Pursuant to 26 U.S.C. § 7433, this court has subject
12 matter jurisdiction over a taxpayer's claim for damages against
13 the United States based on an IRS employee's intentional,
14 negligent, or reckless disregard of Internal Revenue Code
15 provisions or regulations.  26 U.S.C. § 7433(a).  Section 7433
16 provides plaintiffs' sole remedy to seek damages against the
17 United States based on the United States' March 5, 2002 levy of
18 plaintiffs' shares of stock.  <u>See</u> <u>id.</u> (providing that, except for
19 damages for failure to release a lien pursuant to § 7432, § 7433
20 is the exclusive remedy to recover damages for an IRS employee's
21 violation of tax provisions or regulations); <u>accord</u> <u>Shwarz v.</u>

---

[6] Originally, the United States moved for summary judgment to establish 1) that plaintiffs cannot prove they are entitled to greater deductions than those the IRS has allowed in Censire's reexamination or that they are entitled to a refund greater than the $357,089.00 proposed abatement; and 2) that plaintiffs' horse racing business is a "not for profit" activity. It was only after plaintiffs were required to oppose the United States' motion, and the judge's law clerk spent substantial time researching the issues, that the United States conceded genuine issues of material fact remain, withdrew its motion for summary judgment, and requested the court to order a settlement conference.

United States, 234 F.3d 428, 433 (9th Cir. 2000).

As plaintiffs' non-opposition to the United States' motion to dismiss recognizes, plaintiffs have not plead a § 7433 claim for damages against the United States. (Pls.' Opp'n to U.S.' Mot. for Summ. J. 1:23-25.) Accordingly, because § 7433 is the only statute that vests this court with jurisdiction over plaintiffs' claim for lost profits and dividends, the court must dismiss plaintiffs' damages claim for lack of subject matter jurisdiction.

The court must also dismiss plaintiffs' claim for damages with prejudice. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (dismissal with prejudice is appropriate if an amendment cannot save the complaint). Even if plaintiffs amend their First Amended Complaint to allege a § 7433 claim, the claim would still be subject to dismissal for failure to state a claim upon which relief can be granted because the statute of limitations has run on plaintiffs' § 7433 claim.[7]  See 26 U.S.C. § 7433(d)(3) ("[A]n

---

[7] While the United States sought dismissal under Federal Rule of Civil Procedure 12(b)(1) only, dismissal with prejudice due to the expiration of the statute of limitations must be pursuant to Rule 12(b)(6). Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) ("Because the question [of] whether [plaintiff's claim against the United States] is barred by the [federal] statute of limitations is not a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.") (emphasis in original); accord Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).
  A § 7433 claim would also be subject to dismissal for failure to exhaust administrative remedies because plaintiffs have not filed an administrative claim for damages with the IRS. See 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the

6

action to enforce liability created under [§ 7433] . . . may be brought only within 2 years after the date the right of action accrues."); see also 26 C.F.R. § 301.7433-1 ("A cause of action under paragraph (a) of [§ 7433] accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.").

The court will also grant the United States' request to order the parties to discuss settlement and attend a settlement conference.  In the meantime, however, the United States is encouraged to refund the $357,089.00 that it concedes the IRS improperly assessed against plaintiffs.  If the taxpayer had owed the United States $357,089.00, the United States most certainly would have been assessing interest and penalties against him until receipt of payment.  The least the United States could do is to promptly refund the taxes, interest, and penalties that it admits the IRS improperly assessed against plaintiffs.  See United States v. 364.82 Acres of Land, 38 F.R.D. 411, 415 (N.D. Cal. 1965) ("The Government ought to be as frank, fair and honest with its citizens as it requires its citizens to be with it.") (emphasis in original); accord James v. United States, 215 F.R.D. 590, 596 (E.D. Cal. 2002); see also Watkins v. U.S. Army, 875 F.2d 699, 709 (9th Cir. 1989) ("[W]hen the government deals 'carefully, honestly and fairly with its citizens,' the public interest is likewise benefitted.") (citation omitted).

///

---

plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); see also 26 C.F.R. § 301.7433-1(d)-(e) (detailing the procedures for a taxpayer to exhaust administrative remedies).

7

        IT IS THEREFORE ORDERED that the United States' motion to dismiss, with prejudice, plaintiffs' damages claim for lost profits and dividends be, and the same hereby is, GRANTED.

        IT IS FURTHER ORDERED that the parties meet on or before April 4, 2008 for at least six hours to discuss settlement of plaintiffs' remaining tax liability and, if the matter is not fully settled in those discussions, the parties shall within thirty days of that meeting, attend a settlement conference before Magistrate Judge Brennan.

DATED:   February 28, 2008

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE